**German PEREZ–GARCIA,**
**Petitioner—Appellant,**

v.

**Stephen F. PONTESSO, et al.,**
**Respondent—Appellee.**

No. 02–15820.

United States Court of Appeals,
Ninth Circuit.

Submitted Oct. 29, 2003.*

Decided Oct. 31, 2003.

German Perez–Garcia, pro se, Phoenix, AZ, for Petitioner–Appellant.

Earle B. Wilson, Robbin K. Blaya, Esq., Office of Immigration Litigation, Civil Division, Department of Justice, Washington, DC, for Respondent–Appellee.

Before: KLEINFELD, WARDLAW, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

German Perez–Garcia, a Mariel Cuban in Immigration and Naturalization Service ("INS") detention for over thirteen years, petitions for habeas corpus relief pursuant to 28 U.S.C. § 2241. Perez–Garcia argues that he is entitled to a determination whether his removal to Cuba is reasonably foreseeable and, if it is not, that under

---

* This panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a)(2).

*Zadvydas v. Davis,* 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001), he should be released. We deferred submission pending our decision in *Marquez v. INS,* 346 F.3d 892 (9th Cir.2003), which now controls this case. In *Marquez,* we held that the *post*-IIRIRA presumptive six-month limit on the detention of admitted aliens ordered deported, and inadmissible aliens ordered removed, also applies to aliens ordered excluded under *pre*-IIRIRA law. *Id.* at 898–99. Because under *Marquez,* Garcia is entitled to a determination whether his removal to Cuba is reasonably foreseeable, and if it is not, to conditional release, *id.* at 902, we reverse the district court's denial of Garcia's habeas petition and remand for further proceedings consistent with our opinion in *Marquez.*

**REVERSED AND REMANDED**

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2)(C).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.